```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD FRANCIS MACKAY, JR.        :    CIVIL ACTION
                                  :
          v.                      :
                                  :
ESTATE OF ELIZABETH MAYFIELD      :    NO. 11-5135
MACKAY, et al.                    :
```

## MEMORANDUM

GOLDBERG, J.                                      MAY 14th, 2012

Donald Francis Mackay Jr. brought this pro se action against his mother Elizabeth Mayfield Mackay's estate; two of the attorneys for the estate, Francis McGill and Nancy Lanoce; and the estate's co-executors, Susan Miller and Kenneth R. Grill. He seeks to proceed in forma pauperis. The Court will grant Mackay leave to proceed in forma pauperis, dismiss his complaint, and grant him leave to file an amended complaint.

## I. FACTS

This lawsuit is plaintiff's latest attempt to assert claims related to his mother's estate.[1] According to the complaint, Miller stole a deed from the estate that would have entitled Mackay to 25 acres of land in Ontario, Canada. Mackay claims that he was intending to use the property for construction of a 400-room glass pyramid casino.

Mackay also appears to be asserting claims based on the

---

[1] Plaintiff first raised claims in federal court based on his mother's estate in 2001. See Mackay v. Phila. Court of Common Pleas Orphan's Court, Civ. A. No. 01-65 (E.D. Pa.). He unsuccessfully attempted to reopen that litigation in 2004, and again in 2009.

1

defendants' alleged failure to maintain property belonging to the estate; the complaint implies that Mackay lives at the property. He contends that the property/house is in a state of disrepair and that, at some point in June 2011, the executors were made aware of mold/mildew and raw sewage on the premises and promised to make repairs. He also references a car that was apparently sold pursuant to an order from the Orphans Court.

Based on the above, Mackay seeks a "restraining order" prohibiting the executors and the estate's attorneys from entering the "premises." He also seeks return of the allegedly stolen deed, damages in the amount of two trillion dollars, and an order "grant[ing] the entire estate to plaintiff," replacing the car that was sold, and repairing his/the estate's property.

## II. STANDARD OF REVIEW

Mackay's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Mackay has failed to state a claim within this Court's jurisdiction. Reading the complaint liberally, the Court cannot discern any factual basis for a federal claim so as to justify jurisdiction under 28 U.S.C. § 1331. Furthermore, to the extent Mackay is asking this Court "to dispose of property that is in the custody of a state probate court," the Court lacks jurisdiction to entertain his request. Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Additionally, the complaint fails to articulate a basis for diversity jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").

A district court must provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Amendment would be futile with respect to Mackay's claim that Miller stole the deed from the estate because that claim is barred by Pennsylvania's two-year statute of limitations

3

governing tort actions. 42 Pa. Cons. Stat. § 5524(3). The complaint indicates that Mackay was aware of this claim in September 2000, and publicly available records confirm that he knew of the claim almost seven years before he filed this lawsuit, as he unsuccessfully attempted to raise it in 2004 and 2009. See Mackay v. Estate of Mackay, E.D. Pa. Civ. A. No. 01-65, Document Nos. 21 & 28; see also Mackay v. Estate of Mackay, 339 F. App'x 139, 140 (3d Cir. 2009) (per curiam). Accordingly, that claim is dismissed with prejudice.

However, Mackay's claims concerning the alleged promise to fix his/the estate's property appear to fall within the statute of limitations, at least at this early stage of the litigation. The Court doubts that Mackay will be able to establish diversity jurisdiction, as he was previously unable to do so when he sued some of the same defendants in 2001. See Mackay v. Estate of Mackay, E.D. Pa. Civ. A. No. 01-65, Document No. 9 (Mar. 12, 2001 Order), aff'd, 281 F.3d 221 (unpublished table disposition). Nevertheless, given the possibility that the citizenship of the relevant parties has changed in the past decade, Mackay will be given an opportunity to file an amended complaint with respect to his claim concerning the defendants' failure to repair the property. Mackay is reminded that any amended complaint must clearly articulate the basis for this Court's jurisdiction as well as the factual basis for his claims against each named defendant.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). Mackay may file an amended complaint in accordance with the terms of this Court's order. An appropriate order follows.