IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD FRANCIS MACKAY, JR. | : | CIVIL ACTION |
| v. | : | |
| ESTATE OF ELIZABETH MAYFIELD MACKAY, et al. | : | NO. 11-5135 |

## MEMORANDUM

GOLDBERG, J.                                                            AUGUST 7, 2012

Donald Francis Mackay Jr. brought this pro se action against his mother Elizabeth Mayfield Mackay's estate and other defendants. His pro se amended complaint is currently before the Court. For the following reasons, the Court will dismiss plaintiff's amended complaint.

### I. FACTS

In his initial complaint, plaintiff alleged that one of the co-executors of his mother's estate, Susan Miller, stole a deed that would have entitled plaintiff to land in Ontario, Canada. He also asserted claims against the other co-executor of the estate and the estate's attorneys on the basis that they failed to maintain certain property belonging to the estate. In a May 14, 2012 Memorandum and Order, the Court dismissed plaintiff's claims for lack of subject matter jurisdiction. The Court dismissed plaintiff's claim concerning the allegedly stolen deed with prejudice because it was clearly barred by the statute of limitations, but allowed him to file an amended complaint with respect to his claim that the defendants failed to maintain property within the estate.

1

Plaintiff's amended complaint is now before the Court. He appears to have abandoned his claims against one of the estate's attorneys and one of the co-executors. He also added several defendants, specifically, McGrill River Bank, Wells Fargo Bank, and Judge O'Keefe of the Philadelphia Orphans Court. The only arguable jurisdictional allegation in the amended complaint is the following notation: "Diversity in citizenship Canadian - American."

The amended complaint attempts to resurrect plaintiff's claim against Miller based on the allegedly stolen deed, even though the Court found that claim to be time-barred. As for the property claim, plaintiff alleges that Judge O'Keefe "knew about mildew" in the property belonging to the estate. He further alleges that Miller has not done anything about the mildew and that she is improperly using her brother's insurance money to make repairs on the house. Finally, plaintiff claims that Miller "sold [plaintiff's] 1996 mustang with the approval of Judge O'Keefe" even though she allegedly knew that plaintiff needed the car. Plaintiff seeks two trillion dollars, "all assets of those listed," a new car, and a house of his choosing.

## II. STANDARD OF REVIEW

As plaintiff has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails

2

to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

As with his initial complaint, plaintiff has not stated a claim within this Court's jurisdiction. Nothing in the amended complaint provides a basis for a federal claim so as to justify jurisdiction under 28 U.S.C. § 1331. Additionally, to the extent that the amended complaint can be read to assert state law claims, it fails to articulate a basis for diversity jurisdiction. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Plaintiff has not alleged the citizenship of any of the parties. Instead, his only arguable jurisdictional allegation reads "Diversity in citizenship Canadian - American." That allegation is wholly insufficient to justify this Court's jurisdiction under § 1332. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no

3

plaintiff be a citizen of the same state as any defendant."). Accordingly, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given another opportunity to amend his complaint because the Court concludes that further amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. An appropriate order follows.